UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LAVONIA BLOCKER, | Case No: 23-cv-462 |
| Plaintiff, | |
| vs. | |
| CAPITAL ONE AUTO FINANCE, INC. AND EXPERIAN INFORMATION SOLUTIONS, INC, | |
| Defendants. | |

## AMENDED COMPLAINT

NOW COME Plaintiff, Lavonia Blocker, by and through her attorney, Heidi N. Miller, and complains of Defendant Capital One Auto Finance, Inc. and Defendant Experian Information Solutions, Inc. and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### NATURE OF THE ACTION

1. This lawsuit arises from incorrect credit reporting.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### PARTIES

3. Plaintiff Lavonia Blocker ("Ms. Blocker") is a natural person who resides in Rock County, State of Wisconsin.

4. Capital One Auto Finance, Inc. is a foreign corporation with a principal office of 1680 Capital One Drive, McLean, VA 22102 and a registered agent of Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

5. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a foreign corporation with a principal office of 475 Anton Blvd., Costa Mesa, CA 92626, and a registered agent of CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, WI 43219.

6. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

## FACTUAL ALLEGATIONS

7. Plaintiff financed a vehicle through Capital One Auto Finance.

8. She paid the loan in full as of February 3, 2023.

9. Capital One Auto Finance is reporting the loan to her credit file.

10. Capital One Auto Finance is not reporting payments she made in October 2022, November 2022, or December 2022.

11. Capital One Auto Finance also reports that $717 has been written off, which is not true as the account has been paid in full.

12. On multiple occasions, Ms. Blocker contacted the credit reporting agencies via the dispute process to inform the credit reporting agencies of the incorrect information.

13. After disputing the information, the incorrect information remains.

14. Defendant Experian reports that the current status is that $717 has been written off.

## COUNT ONE – VIOLATION OF THE FCRA, CAPITAL ONE

15. Ms. Blocker incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant Capital One Auto Finance prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Ms. Blocker, as defined in the FCRA.

17. Defendant Capital One Auto Finance violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Ms. Blocker's credit reports to accurately reflect her payments and account status.

18. As a result of Defendant Capital One Auto Finance's failure to correct its erroneous and derogatory credit reporting, Ms. Blocker has suffered a reduced credit score, emotional distress, depression, anxiety, embarrassment, helplessness, hopelessness, and frustration, constituting actual damages.

19. Because Defendant Capital One Auto Finance disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Ms. Blocker to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

20. Ms. Blocker is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## COUNT TWO – VIOLATION OF THE FCRA, EXPERIAN

21. Ms. Blocker incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants Experian had a duty to reinvestigate Plaintiff's disputes pursuant to 15 U.S.C. § 1681i.

23. Defendant Experian violated 15 U.S.C. § 1681i by failing to reinvestigate Plaintiff's disputes and/or provide notice to Plaintiff of the results of the reinvestigation.

24. As a result of Defendant Experian's violations of 15 U.S.C. § 1681i, Plaintiff has suffered a reduced credit score, emotional distress, depression, anxiety, embarrassment, helplessness, hopelessness, and frustration, constituting actual damages.

25. Defendant Experian's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

26. Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under § 1681o of the Act.

## JURY DEMAND

27. Ms. Blocker is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Blocker prays that judgment be entered as follows:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1);
B. Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
D. For such other and further relief as may be just and proper.

Dated this 20th day of November, 2023.

                                                        Respectfully submitted,

                                                        s/ Heidi N. Miller

Heidi N. Miller (WI# 1087696)
HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com